

FILED
JAN 05 2021
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE MATTER OF THE SEARCH OF:
A NAVY MOTOROLA CELLULAR PHONE
WITH BLACK BACK, MODEL: XT1929-4,
CURRENTLY STORED AT THE
KNOXVILLE FEDERAL BUREAU OF
INVESTIGATION, 1501 DOWELL
SPRINGS BLVD., KNOXVILLE,
TENNESSEE 37909.

Case No. 3:20-MJ-2278

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your affiant, Emily L. Ciaravino, a Special Agent of the Federal Bureau of Investigation (FBI) being duly sworn, deposes and states the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since January 2019. I am an "Investigative or Law Enforcement Officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code. My primary duties and responsibilities involve the investigation of violations of federal law including violent crime as found in Title 18 of the United States Code and the Controlled Substances Act as found in Title 21 of the United States Code. I am currently assigned to the Knoxville Field Office of the FBI and am assigned to the Violent Crime Squad. During my tenure as a Special Agent, I have investigated crimes including, but not limited to, bank robbery, gangs and organized crime, narcotics trafficking, fugitive investigations and violent crimes against children. I have conducted physical surveillance, assisted in the execution of search warrants, analyzed phone and internet records, and conducted arrests of criminal subjects. Prior to joining the FBI, I was a Detective in the Criminal

1

Investigations Division of the Roane County Sheriff's Office in Roane County, Tennessee. I received several hours of training and attended numerous classes regarding investigative techniques and methods related to crimes against children. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A, as well as the enticement and coercion of minors, in violation of 18 U.S.C. § 2422(b). I have gained experience in conducting these investigations through training and daily investigative activity, including executing search warrants and interviewing individuals who seek to sexually exploit children. As part of my training and experience, I have observed and reviewed numerous examples of child pornography, as defined in 18 U.S.C. § 2256, in multiple forms of media.

2. I make this affidavit in support of an application for a search warrant to search a navy Motorola cellular telephone, model XT1929-4, with a black back that is owned by MATTHEW PAUL BAJAJ and stored at the Knoxville Federal Bureau of Investigation at 1501 Dowell Springs Blvd., Knoxville, Tennessee 37909. The information to be searched is described in the following paragraphs.

3. Information contained within the affidavit is based upon information I have gained from my investigation, my personal observations, my training and experience, and/or information related to me by other law enforcement officers and/or agents. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning the investigation. I have set forth only the facts which I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code, Section 2252A(a)(5)(B)

(Possession of Child Pornography) described in ATTACHMENT B, are presently located in the device described in ATTACHMENT A.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2252A(a)(5)(B) (Possession of Child Pornography) have been committed by Matthew Paul Bajaj. There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

5. Based on my training and experience in child exploitation investigations, I am aware that computers (to include cellular telephones), computer technology, and the Internet significantly facilitate child pornography offenses. Computers generally serve five (5) functions in connection with child exploitation offenses: production, communication, distribution, storage and social networking. Child pornography offenders can transpose photographic images from a camera into a computer-readable format with a scanner. With digital cameras, the images can be transferred directly onto a computer. A modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Therefore, through use of the Internet, electronic contact can be made to literally millions of computers around the world.

6. A computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown significantly within the last several years. These drives can store thousands of images at very high resolution. In addition, electronic devices such as smartphones, connected devices e-readers, and tablets now function essentially as computers with the same abilities to store images in digital form.

3

7. The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including, but not limited to, services offered by Internet portals such as Yahoo and Google. These online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer or device with access to the Internet, and evidence of such online storage of child pornography is often found on the user's computer or device.

8. Even when such files have been deleted, they can be recovered months or years later using readily available forensic tools. When a person deletes a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside on the hard drive in space that is not allocated to an active file for long periods of time before they are overwritten. A computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

9. Additionally, files that have been viewed on the Internet are automatically downloaded into a temporary Internet directory or "cache." Browsers typically maintain a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Therefore, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed, and more on the user's operating system, storage capacity, and computer habits.

10. The facts set forth in this affidavit establish probable cause to believe that a computer (including tablets and smartphones), its storage devices, and other system components

were used as a means of committing offenses involving the possession of child pornography. Accordingly, I seek the authorization to search the electronic device listed in Exhibit A, consistent with Attachment B to the requested warrant.

**PROBABLE CAUSE**

11. On October 28, 2020, at approximately 8:31 a.m., the Oak Ridge Police Department ("ORPD") received a report that a 12-year-old female, hereinafter referred to as "Victim," and whose identity is known to law enforcement, was missing from her residence, located at 101 Mississippi Avenue, Oak Ridge, Tennessee. The Victim was reported missing by her mother, Kelly McManus. The Victim was last seen the night before, inside her residence, which is located within the Eastern District of Tennessee. The Victim was last seen wearing a red and black flannel shirt, black jeans, black and white Nike shoes, and costume cat ears.

12. Telephone records indicated the Victim's cellular telephone had been in contact with telephone number 828-719-0114, and had a 103-minute call with that number on October 27, 2020. ORPD detectives obtained subscriber information for the phone number, and it came back to Matthew Paul Bajaj of 24 Oak Crest Place, Asheville, North Carolina 28806, hereinafter referred to as "Bajaj." ORPD detectives identified Bajaj as a 42-year-old male with a North Carolina Driver License. Bajaj is the registered owner of a blue 2013 Subaru Impreza Limited, bearing North Carolina license plate number ME0WBP. Law enforcement officers confirmed Bajaj was of no relation to the Victim, nor did he possess custody of the Victim. ORPD detectives conducted an inquiry of the ORPD License Plate Reader (LPR) system which captures images of vehicles entering Oak Ridge and stores the associated information which can be queried at a later time by license plate or vehicle description. Law enforcement discovered Bajaj's vehicle was recorded in ORPD's LPR database on October 5, 2020, October 12, 2020, and October 21, 2020. On October 27, 2020, an image of a vehicle matching the description of

5

Bajaj's vehicle was captured in the area of South Illinois Avenue in Oak Ridge, Tennessee at approximately 6:53 p.m. The LPR system was not able to decipher the license plate of the vehicle, but a manual review of the vehicle and license plate was conducted by law enforcement officers. The manual review confirmed the vehicle belonged to Bajaj.

13. On October 28, 2020, ORPD obtained an exigent authorization for geo-location information for the Victim's cellular telephone through the cellular service provider. The Victim's cellular telephone geo-located within the vicinity of the Double Tree Hotel, 215 S. Illinois Avenue, Oak Ridge, Tennessee, at approximately 10:00 a.m. on October 28, 2020. Law enforcement officers confirmed Bajaj booked room number 413 at the Double Tree Hotel on October 27, 2020, and had the room rented until October 29, 2020. Bajaj paid for the room utilizing a bank card with his name and the last four digits 9988. It was learned that Bajaj had rented a room at the same Double Tree Hotel on October 10, 2020 and October 20, 2020 paying with the same bank card with the last four digits of 9988.

14. On October 28, 2020, at approximately 12:00 p.m., ORPD officers made entry into room number 413 at the Double Tree Hotel in an attempt to recover the Victim. Officers did not locate the Victim and determined the room was vacant. While securing room number 413, officers observed in plain view, a Kroger grocery bag, phone charger, and an unmade bed.

15. On October 28, 2020, the Tennessee Bureau of Investigation ("TBI") and ORPD obtained and executed a search warrant of room 413 at the Double Tree Hotel where Bajaj and the Victim spent the night of October 27, 2020. Inside the hotel room was a receipt from a business, Vavavoom LLC, located at 57 Broadway Street, Asheville, NC 28801 where Bajaj purchased the following items: UBERLUBE Good to Go Silver, UBERLUBE 50ml, Bijoux MAZE SINGLE CHOKER, FF Deluxe Silky Rope and Lux Fetish Eye Mask which totaled $142.31, paid for with a debit card with the last four digits 9988. The last four digits of 9988 are

the same as the card used to purchase Double Tree Hotel room 413. Inside room 413, law enforcement officers located the packaging of a Fetish eye mask, Fetish deluxe silky rope and UBERLUBE Good to Go Silver. A dark colored paper bag was located in a trash can inside room 413 labeled "Vavavoom Apparel, Lingerie and Safe-Sex Toys".

16. Law enforcement officers reviewed video surveillance footage at the Double Tree Hotel. Officers were able to verify that Bajaj checked into the Double Tree Hotel on October 27, 2020, at approximately 7:00 p.m. Bajaj was wearing a grey t-shirt with what appeared to depict black and white cats, khaki shorts, a dark colored baseball style hat, a black facemask, black glasses, and a black and blue backpack. Bajaj was holding one white tote bag with the logo "Box Lunch" and one black tote bag. On the video surveillance footage, law enforcement officers observed Bajaj leave the hotel and return at approximately 10:30 P.M. on October 27, 2020 driving a blue 2013 Subaru. Law enforcement officers also observed a female, now identified as the Victim, with Bajaj on the video surveillance footage. The Victim was wearing a red flannel jacket, costume cat ears on her head, black jeans and had dark colored hair, consistent with the description the Victim's clothing when she was last seen at her residence. Law enforcement officers spoke with the Double Tree Hotel desk clerk who worked the night of October 27, 2020, and he recalled seeing Bajaj and the Victim.

17. Law enforcement officers obtained video surveillance footage from the Kroger grocery store in Oak Ridge, Tennessee, depicting Bajaj and the Victim with dark hair, wearing a red flannel shirt, in Kroger at approximately 10:00 p.m. on October 27, 2020. Law enforcement officers at the Double Tree Hotel also viewed video surveillance footage of Bajaj and the Victim entering the hotel shortly after the timeframe they were in Kroger.

18. On October 28, 2020, law enforcement officers viewed surveillance video footage of Bajaj at Books-A-Million in Oak Ridge, Tennessee, where he made a transaction at approximately 10:08 a.m. Bajaj was wearing a green shirt, dark shorts and sandals.

19. This same date, law enforcement officers obtained an exigent authorization for geo-location information for Bajaj's cellular telephone through his cellular service provider. Based on that information, Bajaj's cellular telephone was located in the vicinity of his residence, located at or near 24 Oakcrest Place, Asheville, North Carolina.

20. On October 28, 2020, your affiant contacted FBI agents in Asheville, North Carolina, advised them of the circumstances, and requested they respond to Bajaj's residence. FBI agents and officers from the Asheville Police Department ("APD") responded to Bajaj's residence and observed Bajaj's blue Subaru, bearing North Carolina license plate number ME0WBP, parked in front of the residence. Located inside the vehicle in plain view, law enforcement officers observed a Books-A-Million plastic bag.

21. This same date, at approximately 4:13 p.m., FBI agents and APD officers knocked at the door of Bajaj's residence. Bajaj came to the door and was asked to step outside. Bajaj exited his residence and was asked if the Victim was inside his residence, and if she was okay. Bajaj confirmed the Victim was okay and was inside of his residence. FBI Supervisory Special Agent ("SSA") William Gang asked Bajaj if agents could enter his residence. Bajaj said something similar to, "I guess so." SSA Gang entered Bajaj's residence and called the Victim's name 2-3 times and identified himself as law enforcement. The Victim exited a room down a hallway and met SSA Gang near the entrance of the residence.

22. Bajaj was taken into custody and voluntarily interviewed by FBI agents. Additionally, Bajaj provided written consent for FBI agents to execute a search of his residence and Motorola cellular phone, associated with the cellular telephone number (828) 719-0114.

Bajaj also provided agents written consent to search his personally owned Windows Desktop computer which was located inside his residence.

23. During the interview, Bajaj admitted to having sexual intercourse with the Victim at the Double Tree Hotel in Oak Ridge, Tennessee. Bajaj stated he brought condoms, but did not use them when having sexual intercourse with the Victim. Bajaj admitted he had come to Oak Ridge on more than one occasion and had sex with the Victim. Bajaj stated he was not aware the Victim was a minor. Bajaj told agents he had been communicating with the Victim on his Windows Desktop computer and Motorola cellular telephone, utilizing social media applications, phone calls and text messages.

24. After the custodial interview, agents returned to Bajaj's residence to collect and seize the Motorola cellular telephone on the nightstand next to Bajaj's bed and the Windows desktop computer located in a room set up like an office.

25. On November 3, 2020, you affiant swore to an Affidavit in support of a Search and Seizure Warrant (Case number 3:20-MJ-2246) before United States Magistrate Judge H. Bruce Guyton, United States District Court, Eastern District of Tennessee for the above described Motorola model XT1929-4 cellular device belonging to Matthew Bajaj.

26. On December 2, 2020, analysis of Bajaj's Motorola XT1929-4 for evidence associated with Kidnapping, Enticement, and Transportation of a Minor for Sexual Activity was conducted. During the analysis, a video was located within a cache associated with the social media platform, Kik. Within the cache, a video containing child pornography was located. The video is approximately one (1) minute in duration, depicting lascivious display of a prepubescent female's genitalia. The name of the video is as follows: eea4ac7b-4e13-4aa8-b6d0-212ea0153082.mp4. Upon discovering the content within this video, further analysis was

discontinued until additional legal process could be obtained, allowing for the search of evidence of violations of 18 U.S.C. § 2252A(a)(5)(B) (Possession of Child Pornography).

## CONCLUSION

27. Based on the information set forth in this affidavit, there is probable cause to believe that contraband, evidence, fruits, and instrumentalities of, and property designed for use in committing the violation of 18 U.S.C. § 2252A(a)(5)(B) (Possession of Child Pornography) are presently located on the Motorola cellular telephone, as described in Attachment A, and the digital media therein. Accordingly, I respectfully request that this Court authorize the search of the navy Motorola, model XT1929-4, so that agents may seize the items listed in Attachment B.

*[signature]*
EMILY L. CIARAVINO
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 14 day of December, 2020.

*[signature]*
H. BRUCE GUYTON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

Property: Navy Motorola Model # XT1929-4 with black back

Location: Knoxville Federal Bureau of Investigation
1501 Dowell Springs Blvd., Knoxville, Tennessee 37909



11





13

## ATTACHMENT B
### Particular Things to be seized

1. Child pornography in any form.

2. Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

3. Any and all correspondence identifying persons transmitting, through interstate commerce including the United States mail or computers, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

4. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).